## SULLIVAN et al. v. PORTER.
### No. 11732.

Cir𝑐uit Court of Appeals, Fifth Circuit.
March 21, 1947.

Arthur L. Anderson, of Tampa, Fla., for appellants.

C. H. Lichliter, Sp. Trial Atty., OPA, of Atlanta, Ga., David London, Director, Litigation Division, OPA, and Albert M. Dreyer, Chief, Appellate Branch, OPA, both of Washington, D. C., Taylor N. House and Arnold Teks, Enforcement Attys., OPA, both of Jacksonville, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a judgment in favor of the Administrator of Office of Price Administration for overcharges in the sale by appellants in 49 instances of beer in connection with which they also sold wine, both the wine and beer being sold for their respective ceiling prices. None of the purchasers had sued. The petition alleged the customers desired to buy beer but were required by the seller to purchase also unwanted wines in order to buy the beer, and that these were "tie-in sales" in violation of Maximum Price Regulation 259, Sect. 1420.57 relating to beer. The section reads thus: "Evasion. (a) The price limitations set forth in this Maximum Price Limitation No. 259 shall not be evaded, whether by direct or indirect methods in connection with an offer, solicitation, agreement, sale or delivery of, or relating to the sale of domestic malt beverages alone or in connection with any other commodity, or by way of commission, service, transportation, or any charge, or discount premium or other privilege, or by tying-agreement or other trade understanding or otherwise."

The judge, sitting without a jury, found that the appellants were wholesale distributors of beer, wine, and other products, and had no personal knowledge of the transactions in question, and on learning of them discharged the agent who made them, and that no questionable transactions have since occurred. He acquitted them of triple damages, and denied an injunction, but gave judgment for the whole cost of the wine in the 49 transactions as an overcharge for the beer, in a sum of $496.55.

The evidence is not in the record, but the facts found by the judge material to this recovery are these: "While it does not appear that regular customers were required to purchase wine as a condition of buying additional beer, the evidence is persuasive that in a substantial number of instances the beer probably could not have been purchased without a purchase of wine. This requirement, however, was confined to a limited, though substantial, number of instances as hereinafter stated. With two exceptions all these customers were entirely willing to buy the wine. They needed wine in their business, wanted it, had a retail market for it, and would have bought it somewhere anyway. They disposed of it without difficulty or delay in their retail business. The wine was not forced on them in the sense that it was an unwanted commodity which would be a burden to them. With the two exceptions stated all the customers as to whom there is any evidence were entirely satisfied with their purchases and testified that their purchase of wine was voluntary and satisfactory and that they were not forced to buy the wine. As stated, however, the evidence is persuasive that without purchasing wine they probably would not have gotten beer, at least in a substantial number of instances. Both the beer and the wine was sold at ceiling price."

■■ Laying aside the "two exceptions", we think these findings do not show an overcharge for the beer. The quoted regulation is against evasion, and was not intended to put sellers of beer out of the wine business, nor to prevent their customers from buying wine and beer at the same time if they wished both. The Administrator was hardly authorized to do that. When these customers willingly bought beer and wine, paying the ceiling price for each, and desiring to buy both, they merely bought two commodities at ceiling prices, and there was no evasion of the maximum price regulation and no overcharge as to either commodity. Kraus & Bros. v. United States, 327 U.S. 614, 66 S.Ct. 705, is not to the contrary, but considering all the opinions filed rather supports our conclusion.

■■ The court found further: "The two exceptions referred to testified that they did not desire wine but bought it in order to get beer which they needed. One of these testified that he disposed of the wine without loss, while the other returned the wine to defendants and the purchase price thereof was refunded to him in full." As to these an evasion, and therefore an overcharge, may be found. The first succeeded in making himself whole by a resale, but that did not affect his right to recover the overcharge under the statute, or the Administrator's right to sue in his stead, though there was no pecuniary loss

eventually. As to the second the same would be true, but he went, so far as appears promptly, to the seller and rescinded the transaction as to the wine and was paid back the price of it. Surely he could not thereafter recover it again, and we have concluded that the Administrator ought not to recover in his stead. The entire good faith of appellants having been found, we do not think the law ought to be strained to impose a penalty under these circumstances.

We reverse the judgment, and direct that one be entered for the overcharge made, in such amount as is proper, in the one unwilling and unrescinded wine purchase.

Reversed with direction.